8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell DUNHAM, Defendant-Appellant.
 No. 92-30422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 7, 1993.
 
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wendell Dunham appeals his conviction following entry of a conditional guilty plea to possession with intent to distribute and manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). Dunham contends the district court erred by denying his motion to suppress evidence seized from his home because the search warrant was based upon information investigators discovered as a result of an illegal entry onto the curtilage of his home. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 A. Background
 
 3
 Alaska State Troopers Cook and Kendrick entered onto Dunham's property sometime during the day on August 26, 1991 in order to investigate an anonymous tip Trooper Cook had received that Dunham was growing marijuana on his property. The personal information about Dunham which the anonymous source provided the Trooper was detailed, including the location of his residence, his telephone number, vehicle description and license plate number, and proved to be true upon further investigation. After confirming the details provided by the anonymous source, the Troopers decided to interview Dunham. They drove out to his property and observed him playing with his dog in his driveway near the front of his house.
 
 
 4
 Both Troopers entered the property, passing a posted "Private Property. Keep Out" sign at the head of the driveway, and Trooper Cook contacted Durham near the entrance to Dunham's home. At this time, Trooper Cook noticed the distinctive odor of growing marijuana. In response to a question by Trooper Cook, Dunham stated that he did not know how much marijuana he had.[1] Trooper Kendrick wandered around the back of part of the residence and also smelled marijuana and heard the sound of fans operating. The Troopers then froze the premises and Trooper Cook left to obtain a search warrant based upon information provided by the anonymous informant and the Troopers' own observations. The subsequent search revealed evidence of marijuana manufacture, possession and distribution.
 
 
 5
 The district court found or assumed that the Troopers had entered within the curtilage of Dunham's home when they made the observations which in part formed the basis for the search warrant.
 
 B. Analysis
 
 6
 We review de novo the district court's denial of a motion to suppress, and we uphold the district court's underlying factual findings unless clearly erroneous. United States v. Garcia, 997 F.2d 1273, 1279 (9th Cir.1993).
 
 
 7
 A police officer may enter within the curtilage of a person's residence during daylight hours " 'with the honest intent of asking questions of the occupant thereof.' " United States v. Roberts, 747 F.2d 537, 543 (9th Cir.1984) (quoting Davis v. United States, 327 F.2d 301, 303 (9th Cir.1964)); see also United States v. United States v. Hersh, 464 F.2d 228, 230 (9th Cir.) (per curiam) (quoting same language in Davis ), cert. denied, 409 U.S. 1008 (1972); cf. United States v. Garcia, 997 F.2d 1273, 1279 (9th Cir.1993) (no search when officers investigating possible drug trafficking stepped onto defendant's back porch, believing it to be the entryway to his apartment, and saw him through the screen door holding a kilogram package of cocaine).
 
 
 8
 Here, the testimony from Trooper Cook was quite explicit that his intention in entering onto Dunham's property was to contact him and ask him questions about the information the anonymous source had provided. Dunham makes no showing to the contrary. Accordingly, the district court did not err by denying the motion to suppress on the basis that Trooper Cook's observations regarding the odor of marijuana were improperly obtained.[2] See Roberts, 747 F.2d at 543.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Despite Dunham's assertion that the district court did not make a finding as to this fact, see Appellant's Opening Brief at 25, the record reveals the district court did find that Dunham made this statement to Trooper Cook, see Order (De Novo Review of Pre-Trial Motions) at 22
 
 
 [2]
 Although it is unclear whether the district court found Trooper Kendrick's observations admissible under the Roberts analysis, it is clear the district court found that even in the absence of Trooper Kendrick's observations there was sufficient probable cause to justify issuance of the search warrant. See Order (De Novo Review of Pre-Trial Motions) at 22-23. Dunham does not challenge this probable cause determination made by the district court